Filed 8/28/13  Grant v. Phillips CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JESSE GRANT et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>DON M. PHILLIPS et al.,<br><br>    Defendants and Respondents. | A137191<br><br>(San Francisco County<br>Super. Ct. No. CGC-07-462029) |

Jesse Grant and Rutha Grant appeal from an amended judgment and order making them liable for indemnification of defense costs under Corporations Code section 9246, a provision of California's Nonprofit Religious Corporation Law (see Corp. Code, §§ 9110-9690), after they brought an action on behalf of their church against respondents. In their initial briefing in this appeal, the Grants contended:  respondents were not entitled to indemnification because they were not prevailing parties in the underlying litigation; the Grants enjoy immunity from liability pursuant to Corporations Code section 9247 and the federal Volunteer Protection Act of 1997 (42 U.S.C. §14501 et seq.); and the Grants are actually the ones who are entitled to indemnification.

At our invitation, the parties filed supplemental briefs concerning whether Corporations Code section 9246 authorizes a court to require individuals, as opposed to religious corporations, to provide indemnification for defense costs.  (Gov. Code, § 68081.)  We now agree with the Grants that the amended judgment and corresponding order by the trial court are erroneous, because Corporations Code section 9246 did not

1

authorize the court to impose liability for defense costs against the Grants personally. We therefore modify the amended judgment and, as so modified, affirm.

## I. FACTS AND PROCEDURAL HISTORY

Appellants Jesse Grant and Rutha Grant were volunteer members of the board of directors of the Greater Gethsemane Church of God in Christ (Greater Gethsemane Church). The pastor of the church was respondent Don M. Phillips. Respondent Eleanor Blaylock was allegedly the church secretary, administrator, and a board member, and respondent Minnie Willis was allegedly a board member as well.

In April 2007, the Grants and the Greater Gethsemane Church filed a lawsuit against Phillips, Blaylock, and Willis, seeking redress under the California Nonprofit Religious Corporation Law (Corp. Code, § 9110-9690), other provisions of the Corporations Code, and common law. In essence, the lawsuit was a derivative action brought by the Grants on behalf of the church, accusing Phillips, Blaylock, and Willis of self-dealing and related breaches of trust. The complaint sought enforcement of the right to inspect records and alleged self-dealing in connection with the purchase of real property with church funds, as well as breach of contract and breach of fiduciary duties, fraud and misrepresentation, and other claims.

The case was tried before an advisory jury in 2009; after receiving additional briefing from the parties, the court issued its proposed statement of decision to which there was no objection, and ultimately issued its final statement of decision and judgment.

A. *Statement of Decision and Original Judgment*

In its thorough statement of decision issued on March 23, 2009, the court noted that "the legal theories of the complaint are by and large incoherent." The court found no evidence that any of the defendants were involved in self-dealing or that Willis or Blaylock took funds from the church. The court did find, however, that Phillips was liable for breach of trust, having taken church funds from a bank account for his own personal use. The court determined that the unreimbursed personal charges amounted to $6,364.72 based on the evidence, and that judgment should be entered in favor of the

2

plaintiffs (on behalf of the church) and against Phillips in that amount, and otherwise in favor of the defendants.

The judgment, also entered on March 23, 2009, accordingly read as follows: "For the reasons stated in the Statement of Decision dated this date, JUDGMENT is hereby entered: [¶] 1. In favor of Plaintiffs, for and on behalf of the Greater Gethsemane Church, and against Defendant Don M. Phillips, in the sum of $6,364.72 and [¶] 2. In favor of Defendants Minnie Willis and [Eleanor] Blaylock and against Plaintiffs such that, as against these defendants, plaintiffs shall take nothing. [¶] Costs and fees if any shall be separately determined."

B. *Order Granting All Defendants Defense Costs*

In April 2009, defendants Phillips, Willis, and Blaylock filed a motion for an order compelling "Gethsemane Church" to indemnify them for defense expenses they incurred in the lawsuit. Specifically, they argued that Willis and Blaylock were entitled to indemnification under Corporations Code section 9246 because they obtained a defense verdict, and Phillips was entitled to indemnification under that section because, even though he was found liable on part of the church's claims, he was nonetheless "fairly and reasonably entitled to indemnity" in "view of all of the circumstances of the case." (See Corp. Code, § 9246, subd. (c)(1).)[1]

On August 4, 2009, the Grants filed an opposition to the motion for indemnification. They contended that Phillips, Willis, and Blaylock were not entitled to indemnification from the church, because the action against them was "exerted in the right of the church and to procure a judgment in the church's favor," and because the defendants had not acted in good faith or in the church's best interests. The Grants further contended that Phillips should not obtain indemnification because the jury and

---

[1] Corporations Code section 9246 authorizes a religious corporation to indemnify its agent for expenses the agent incurred in connection with litigation, including actions brought on behalf of a corporation, if certain statutory requirements are met. If the agent is adjudged to be liable to the corporation, the agent is not entitled to indemnification unless the court finds that the agent is nonetheless fairly and reasonably entitled to it. (Corp. Code, § 9246, subd. (c)(1).)

court found him liable in the case. And, without filing their own motion for indemnification, the Grants contended that *they* were entitled to indemnification against any expenses they incurred in the lawsuit, as well as any threatened future action.

The indemnification motion was heard on August 28, 2009. On August 31, 2009, the court issued its Order Granting Defendants' Motion for Indemnification of Defense Costs, awarding attorney fees in favor of defendants and against "plaintiffs" in the amount of $94,834. In concluding that all defendants should recover for attorney fees, the court explained: "As the parties agreed, the Court has discretion regarding the fees sought by Don Phillips. Ordinarily I would not award these to the full extent sought because Phillips was only partly successful at trial. However, the fees were incurred together by all defendants, and my detailed review of the time spent by defendants' counsel does not suggest any time spent exclusively on Phillips as opposed to benefitting Willis and Blaylock as well. Accordingly, I will award fees on behalf of all three defendants."

The court clerk served the parties with the indemnification order on September 4, 2009.

C. Amended Judgment

The case was then dormant for nearly three years. During this period, defendants Phillips, Blaylock, and Willis changed attorneys, from Craig K. Martin to current counsel Martin J. Zurada.

On July 26, 2012, a satisfaction of judgment was filed by Greater Gethsemane Church as to Phillips, thus indicating that pastor Phillips no longer owed anything under the judgment. Then Phillips, Willis, and Blaylock tried to enforce the order that granted them their defense costs.

According to the register of actions, a notice of motion and motion for entry of judgment – that is, a new judgment purportedly incorporating the indemnification order – along with a memorandum of points and authorities and declarations by Willis and Blaylock, was filed on July 30, 2012. Filed-endorsed copies of these documents are not included in the record. Instead, the appellants' appendix includes the following

4

documents without a filed-endorsed stamp: a motion by Phillips, Willis, and Blaylock (purportedly appearing in pro per) for "entry of judgment against plaintiffs *Jessie Grant and Rutha Grant* in the amount of $94,834 plus $28,032 in additional interest, based on this Court's order filed on August 31, 2009;" and a memorandum of points and authorities and declarations from Phillips, Willis, and Blaylock, indicating that they had not received any of the $94,834 principal, interest had accrued on the principal in the amount of $28,032 as of August 14, 2012, and Phillips had tried to file an abstract of judgment based on the indemnification order but "the Clerk instructed [him] to obtain a Judgment from this Court based on the Order." (Italics added.)

In essence, the motion for entry of judgment sought to make *the Grants* personally liable for the defense costs under Corporations Code section 9246, rather than Greater Gethsemane Church. No such order or judgment had previously been imposed or even requested.[2] Nor did the documents submitted in support of the motion for entry of judgment set forth any basis for liability against the Grants under the Corporations Code or other authority.

On August 17, 2012, the Grants filed an opposition to the motion for entry of judgment. Actually, it was just a copy of their August 2009 opposition to the indemnification motion, with a handwritten title indicating it was now the opposition to the motion for entry of judgment. A declaration from the Grants' attorney, Gregory Martin, was also filed on August 17, 2012, purporting to "make application" for indemnification on behalf of the Grants.

On August 31, 2012, the motion for entry of judgment was heard by the judge who had presided over the parties' trial, issued the statement of decision and judgment, and granted the motion for indemnification of defense costs three years earlier. After oral argument, the court took the matter under submission.

---

[2]     Indeed, in the motion for indemnification in 2009, the defendants indicated that the indemnification order under Corporations Code section 9246 would be obtained against the *church*, after which the *church* might pursue a "separate action" against the Grants to obtain indemnity and contribution from the Grants for having brought the action in the church's name, if "such a resolution is passed by the Church."

On September 14, 2012, the Grants filed "Plaintiffs Objection to Defendants Proposed Amended Judgment Non [sic] Pro Tunc by Defendants Eleanor Blaylock, Minnie Willis, and Don Phillips." In this document, the Grants repeated the three arguments they had asserted in 2009 in connection with the original indemnification motion: the Grants were entitled to indemnification; none of the defendants were entitled to indemnification because they did not act in good faith or in the best interests of the church; and Phillips was not entitled to indemnification because he lost on one of the claims against him. In addition, the Grants added a new argument, apparently realizing that the request for entry of judgment was seeking indemnification not from the church, but now from the Grants. On this point, the Grants argued they could not be personally liable for monetary damages due to an immunity allegedly afforded by Corporations Code section 9247.

On September 24, 2012, the court issued a Memorandum Order on Entry of Judgment. In this order, the court first recounted some of the procedural history of the case: "I filed my statement of decision March 23, 2009, finding [] in favor of the plaintiffs against Don Phillips in the amount of $6,364.72, and otherwise in favor of defendants. Judgment was entered that date. [¶] Plaintiffs had brought the suit on behalf of the Greater Gethsemane Church. On August [31], 2009, I determined to award attorney[] fees in favor of defendants Willis and Blaylock in the amount of $94,834. The Church filed a satisfaction of judgment as to Phillips' debt on July 26, 2012. After changes in legal representation, defendants finally proposed for my signature an "amended judgment nunc pro tunc" designed to enter judgment for all three defendants for the attorney fees plus accrued interest. This was met by plaintiff's September 14, 2012 objections."

The court then rejected the Grants' arguments and ordered issuance of an amended judgment. The court asserted: "Plaintiff's September 2012 objections are inapposite. They (i) seek affirmative relief such as an order of indemnification from the [plaintiff] Church including as to 'future actions;' (ii) *argue the plaintiffs cannot be personally liable*, and (iii) that defendants did not act in good faith. These matters are not suited to

6

determination as we seek to reduce the verdicts and statements of decision to judgment. Some of the issues have been (or should have been) previously submitted for decision; perhaps some are best suited to some other action.  In any event my power after the entry of the original judgment is limited and it would [be] inappropriate for me to review these issues.  [¶] The objections do not object to the calculations of 10% interest or other aspects of the proposal.  [¶] There is one problem not remarked by either side, which is that [Phillips] is a losing party and ought not be on the judgment as a prevailing party.  I have drafted the judgment accordingly."  (Italics added.)[3]

Accordingly, on September 24, 2012, an amended judgment was entered in favor of Willis and Blaylock and against "plaintiffs" in the sum of $123,931.  The amended judgment reads:  "For the reasons stated in the Statement of Decision dated March 23, 2009 and Memorandum Order of this date, JUDGMENT is hereby entered:  [¶] 1.  In favor of Defendants Minnie Willis and [Eleanor] Blaylock and against Plaintiffs such that, as against these defendants, plaintiffs shall take nothing.  [¶] 2.  In favor of Defendants Minnie Willis and [Eleanor] Blaylock and against Plaintiffs in the sum of $94,834 in attorney[] fees, together with $25.98 in daily interest (calculated as 10% annual interest) as of August 31, 2009, which interest as of this date equals (1120 x 25.98) or $29,097.60, for a total to date of $123,931.60."

Notice of entry of judgment was served by the court clerk on September 24, 2012.

D.  *The Grants' Motion to Vacate the Amended Judgment*

On October 4, 2012, the Grants filed a "Notice of Intention to Move & Motion to Set Aside & Vacate Judgment & Enter Another & Different Judgment Under Code of Civil Procedure Section 663."  The Grants argued, among other things, that they are protected from personal liability for their actions under Corporations Code section 9247, subdivision (a), and the "Federal Volunteer Protection Act."  The Grants contended that

---

[3]    It is not clear why the court decided that Phillips was not entitled to recover defense costs as a losing party, since it had decided to the contrary in 2009; there is no indication the parties brought this aspect of the prior order to the court's attention. Phillips has not challenged the order or amended judgment on this ground.

judgment should be entered "[i]n favor of Defendants Minnie Willis and Eleanor Blaylock against Plaintiff Greater Gethsemane church only" in the principle amount plus interest.

Phillips, Blaylock, and Willis filed an opposition to the Grants' motion to set aside or vacate the judgment. They argued that the Grants' motion was a motion for reconsideration for which the statutory requisites were not met.

The Grants filed a reply memorandum on October 29, 2012. They argued that nothing in the March 2009 statement of decision and original judgment precluded them from asserting that the Grants could not be liable for the defense costs. They also pointed out that there was no reason to assert their immunity before, because defense costs had not been sought from them before.

The court heard the motion to vacate on November 1, 2012. By written order filed that same date, the court denied the motion as a motion for reconsideration that failed to meet the statutory requirements. The court stated: "The motion is in effect one for reconsideration. [Code of Civil Procedure] § 1008. None of the elements of such a motion is made out. There is no showing of new or different facts or circumstances. Movant's papers and argument suggests that the facts and legal entitlements apparently sought to be vindicated now have been in the case since 2009. It appear[s] that movants now desire rulings in their favor on certain matters of immunity which (it is claimed) were presented but not decided, or perhaps decided adversely, in the 2009 trial. The time to have discussed these issues would have been at trial, or perhaps in response to the statement of decision; not now in 2012."

On November 21, 2012, the Grants filed their notice of appeal from a "judgment after jury trial" and an "order after judgment," both of which are dated September 24, 2012, according to the notice of appeal. Ostensibly, this refers to the amended judgment and the court's memorandum order issued on that date.[4]

---

[4]     The notice of appeal does not specifically appeal from the denial of the Grants' motion to vacate the amended judgment. We construe the notice of appeal broadly to include an appeal from that post-judgment order.

8

## II.  DISCUSSION

The Grants contend that the amended judgment and order for issuance of the amended judgment are erroneous, essentially because they cannot be liable under the indemnification provision of Corporations Code section 9246 for the defense costs incurred in the litigation by Blaylock and Willis (or Phillips, who is no longer entitled to indemnification under the terms of the amended judgment anyway).  Phillips, Blaylock, and Willis counter that the appeal must be dismissed as untimely, and the Grants are not entitled to relief on appeal because their arguments were waived or lack merit.  We begin with the timeliness of the appeal.

A.  *Timeliness of the Appeal*

Phillips, Blaylock, and Willis did not file a motion to dismiss this appeal on the ground of untimeliness, but they make the argument in their respondents' brief.  It has no merit.

California Rules of Court, rule 8.104(a) states:  "Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) *60 days after the superior court clerk serves* on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."  (Italics added.)

Here, the amended judgment was entered on September 24, 2012, and notice of its entry was served by the court clerk on that same date.  Because the Grants filed their notice of appeal from the amended judgment fewer than 60 days later on November 21, 2012, the appeal is timely on its face.

Respondents argue that the appeal is nonetheless untimely, contending that the appeal period began not on September 24, 2012, but back when the original judgment (or indemnification order) were issued in 2009, since the amended judgment did not contain

9

any material substantive changes. If respondents were correct on this point, the Grants' appeal would be untimely.

Whether an appeal is available after entry of an amended judgment turns on the nature of the amendment. If the amended judgment substantively changes the original judgment, an aggrieved party may appeal from the amended judgment within the appeal period commenced by service of the notice of the amended judgment's entry. (*CC-California Plaza Associates v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1048.) If, on the other hand, the amended judgment corrects a clerical error in the original judgment or merely recapitulates the original judgment (or post-judgment orders), and the time to appeal the original judgment (or post-judgment order) has expired, the amended judgment does not restart the appeal period and no appeal may be taken. (*Ibid*.; *Maughan v. Google Technology, Inc*. (2006) 143 Cal.App.4th 1242, 1245-1247; *Russell v. Foglio* (2008) 160 Cal.App.4th 653, 659-661; *Sergio C. Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736, 743-744; Code Civ. Proc., § 906.)

Respondents argue, essentially, that the amended judgment did not substantively modify the original judgment, but merely recapitulated the original judgment and the indemnification order. The Grants respond that the amended judgment substantially modified the original judgment (as supplemented by the indemnification order) in three respects: (1) the amended judgment added accrued interest; (2) the amended judgment removed Phillips' entitlement to indemnification; and (3) the amended judgment omitted language that fees and costs would be separately determined.

Taken at face value, the Grants' arguments are unavailing. The inclusion of accrued interest in the amended judgment is not a substantive change to the judgment or a substantial modification of the parties' rights, since as a matter of law interest was accruing on the principal amount anyway. The removal of Phillips as a judgment creditor with respect to the indemnification order might well have been a substantive change for *Phillips*, but it was not a material substantive change by which *the Grants* were aggrieved. And the fact that the amended judgment omits language from the original judgment that "costs and fees if any shall be separately determined" is merely due to the

10

fact that, by the time of the amended judgment, the deadline for recovering costs and fees under the Code of Civil Procedure had expired and the court had *already* determined the parties' dispute regarding the indemnification of defense costs under Corporations Code section 9246. In short, the language was omitted because it was no longer necessary.

On the latter point, the Grants' theory is that the inclusion of the "separately determined" language in the original judgment and statement of decision meant that costs would be apportioned against each *party* separately, so the original judgment (and indemnification order, which imposed indemnification of defense costs against the church) did not preclude the Grants from arguing immunity or indemnification (when later confronted with the request for the amended judgment, which imposed indemnification of defense costs against the Grants). While the Grants are likely reading too much into this particular language, we do agree that the original judgment and indemnification order did not impose liability for indemnification on the Grants, and on *that* basis the amended judgment is materially and substantively different and may now be appealed.

Simply put, the amended judgment contains a material substantive change to the extent it is read to impose indemnification liability against the Grants as individuals, rather than against the Greater Gethsemane Church. The 2009 original judgment made no mention of indemnification at all. The 2009 indemnification order imposes indemnification liability on "plaintiffs," which must be interpreted to refer only to Greater Gethsemane Church, since the notice of motion and motion sought indemnification only as to the church. Indeed, respondents' request for the order made this crystal clear, by indicating that any order of indemnity or contribution against the Grants would have to be obtained by the *church* in a "*separate* action" after the indemnification order and a resolution by the church. (Italics added.) By contrast, while the 2012 order and amended judgment also purport to impose indemnification liability on "plaintiffs," that word must mean or include the Grants, since respondents' motion for entry of this judgment expressly sought indemnification against the Grants.

11

In sum, to the extent respondents contend that the amended judgment imposes any liability against the Grants for indemnification of defense costs, the amended judgment contains a material and substantive change, and the time to appeal from the amended judgment commenced upon service of notice of entry in September 2012. The Grants' appeal is timely.

B. *Corporations Code Section 9246 Does Not Impose Indemnification Liability Upon the Grants*

The obvious purpose of Corporations Code section 9246 is to grant religious corporations the corporate power to indemnify their agents for certain amounts their agents incur when acting on behalf of the corporation. In short, the statute authorizes churches to indemnify their agents. But there is no indication the statute authorizes churches to compel *individuals* to indemnify their agents, let alone that it empowers courts to compel individuals to indemnify those agents.

For example, Corporations Code section 9246, subdivision (b), authorizes religious corporations to indemnify a person for amounts incurred in connection with a proceeding in which the person is or may become a party because he or she was an agent of the corporation. The subdivision provides: "A *corporation* shall have *power to indemnify* any person who was or is a party or is threatened to be made a party to any proceeding (other than an action by or in the right of the corporation to procure a judgment in its favor, an action brought under Section 9243, or an action brought by the Attorney General pursuant to Section 9230) *by reason of the fact that the person is or was an agent* of the corporation, against expenses, judgments, fines, settlements and other amounts actually and reasonably incurred in connection with the proceeding if the person acted in good faith and in a manner such person believed to be in the best interests of the corporation and, in the case of a criminal proceeding, had no reasonable cause to believe the conduct of the person was unlawful. . . ." (Italics added.)

Similarly, subdivision (c) of Corporations Code section 9246 gives religious corporations authority to indemnify a corporate agent for amounts incurred in connection with a proceeding brought by or on behalf of the corporation to procure a judgment in the

12

corporation's favor. The subdivision reads: "A *corporation* shall have *power to indemnify* any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action by or in the right of the corporation, or brought under Section 9243, or brought by the Attorney General pursuant to Section 9230, *to procure a judgment in its favor* by *reason of the fact that the person is or was an agent* of the corporation, against expenses actually and reasonably incurred by the person in connection with the defense or settlement of the action if the person acted in good faith, in a manner in which the person believed to be in the best interests of the corporation and with that care, including reasonable inquiry, as an ordinary prudent person in a like position would use under similar circumstances. . . ." (Italics added.)

If anything is clear in the language of subdivisions (b) and (c) of Corporations Code section 9246, it is that the statute authorizes the indemnification of corporate agents *by the religious corporation*. There is no provision in these or other subdivisions of Corporations Code section 9246 – or any other statutory provision brought to our attention – that authorizes (let alone mandates) indemnification by individuals, whether they be corporate agents or not.

As a matter of law, Corporations Code section 9246 did not authorize the order and amended judgment imposing indemnification for defense costs against the Grants.

Moreover, neither the record nor the parties' arguments suggest that the amended judgment and order imposing indemnification liability against the Grants could be upheld on any other basis. The indemnification award cannot be justified as an award of costs and fees under Code of Civil Procedure section 1032, since the deadline for seeking such costs and fees passed long before the request for the amended judgment, and there was no provision of contract, law or statute authorizing the recovery of attorney fees against the Grants. (Cal. Rules of Court, rule 3.1700(a)(1); Code Civ. Proc., § 1033.5, subds. (a)(10), (c)(5).) Nor have respondents set forth any other basis for making the Grants judgment debtors under the amended judgment.

Indeed, respondents have now conceded in their supplemental briefing that neither Corporations Code section 9246 nor any other statute or authority of which they are

13

aware authorizes a court to order an individual to provide indemnification for defense costs. Respondents instead claim they are "unaware as to the basis upon which attorneys fees were awarded by the trial court, but maintain that their waiver argument has merit," referring to their assertion that the Grants waived their objections by not raising them earlier.

Respondents' waiver argument, however, is baseless. Essentially, they point out that this appeal is the first time the Grants have argued that the trial court erred in awarding attorney fees against them individually. There was no reason for the Grants to argue that attorney fees could not be ordered against them individually until such fees were *sought* against them individually for the first time in respondents' 2012 request for a new judgment. In opposition to that request, the Grants *did* argue that they could not be personally liable for respondents' defense costs. While the Grants did not specifically urge that Corporations Code section 9246 does not authorize an order of indemnification against individuals, we may consider on appeal this type of purely legal question – the interpretation of a statute – even though it was not raised in the trial court. (See *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 6.) And doing so is entirely appropriate here, where all the parties – as well as this court – agree that Corporations Code section 9246, on which the trial court based its order and amended judgment, provides no authority for what respondents sought and what the trial court did.

In the final analysis, the amended judgment is void to the extent it purports to compel the Grants personally to indemnify Blaylock and Willis for their defense costs. We will therefore order modification of the amended judgment, such that the word "Plaintiffs" in the paragraph numbered "2" is replaced with "Greater Gethsemane Church of God in Christ," to confirm that the indemnification of defense costs is imposed only against the church, and not against the Grants as individuals.[5] With that modification, we will affirm the amended judgment.

---

[5] None of the parties in this appeal or in the trial court challenged the authority of the court to issue an order and judgment compelling a church to provide indemnification pursuant to Corporations Code section 9246. We do not decide this issue.

14

## III.  DISPOSITION

The paragraph bearing the number "2" in the amended judgment is hereby modified to replace the word "Plaintiffs" with "Greater Gethsemane Church of God in Christ."  As so modified, the amended judgment is affirmed.  Each party is to bear its own costs on appeal.

_____
NEEDHAM, J.

We concur.

_____
JONES, P. J.

_____
BRUINIERS, J.

15